Tuschman Steel Co., Plaintiff, *v.* Tuschman, Defendant.

No. 752834. Decided November 8, 1961.

Danaceau, J. This matter came on for hearing this 28th day of September, 1961, on the application of plaintiff for an order enforcing an agreement to arbitrate between the parties.

The Court having been fully advised and upon due consideration thereof and on the pleadings, the evidence and testimony of the parties, both being present in court and represented by counsel, and on the briefs and arguments of counsel finds that it has jurisdiction over both the persons and the subject matter of this action and that Sections 2711.01 through 2711.15, Revised Code, do not deprive this Court of or withhold jurisdiction.

The Court further finds that plaintiff has complied with

the procedural requirements set forth in Section 2711.03, Revised Code.

The Court further finds that the statutes under which this action is brought to wit: Sections 2711.01 to 2711.05, Revised Code, are not repugnant to the Constitution of the State of Ohio.

The Court further finds that the letter agreement dated April 20, 1953, constitutes a valid and enforceable arbitration agreement within the meaning of Sections 2711.01 through 2711.15, Revised Code; that plaintiff The Tuschman Steel Co. is a party to said agreement within the meaning of the word "parties" in the arbitration paragraph (20) of that agreement; that defendant Frank G. Tuschman is in default of said agreement to arbitrate; that said agreement is not violative of public policy and should be enforced.

The Court further finds that under the terms of said written agreement an arbitrable dispute exists between the parties, plaintiff and defendant, involving the interpretation and/or application of the provisions of that contract; that under the terms of the contract and from the evidence and testimony presented to this Court that dispute must be referred to a Mr. John W. LaFrance of Toledo, Ohio, as sole arbitrator for final decision.

The Court further finds that plaintiff's institution of a law suit numbered 752553 in Common Pleas Court for Cuyahoga County (filed on or about May 16, 1961) has neither waived nor revoked its right to arbitrate the issue before this Court under the said agreement, and that it is not otherwise in default of compliance.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the parties The Tuschman Steel Co. and Frank G. Tuschman proceed forthwith to arbitration of the controversy arising under and out of the written agreement between them dated April 20, 1953, and referred to and described in the petition herein; the arbitration shall be held before John W. LaFrance of Toledo, Ohio, as sole arbitrator, in accordance with the terms of the arbitration agreement as set forth in the petition herein. The time, date and place of the arbitration proceedings as required and ordered herein to be determined by the arbitrator John W. LaFrance.

Judgment is rendered against defendant for the cost of these proceedings. To all of which defendant excepts.